IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LINDA V. CAILLET | * | CIVIL ACTION NO. 19-515-JWD-RLB |
| Plaintiff, | * | |
| vs. | * | JUDGE: JOHN W. DEGRAVELLES |
| DANIEL NEWMAN, ET AL. | * | MAGISTRATE: RICHARD L. BOURGEOIS, JR. |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT DANIEL NEWMAN'S
OPPOSITION TO MOTION TO VACATE
AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD**

Defendant Daniel Newman files the present Opposition to Plaintiff Linda Caillet's "Motion to Vacate Arbitration Award from Expungment [sic] Meeting on May 15, 2019," as well as a Cross-Motion to confirm the July 8, 2019 FINRA Arbitration Award.[1]  There is no question that Caillet has not satisfied her high burden of proof and that the very narrow grounds warranting vacatur of an arbitration award are not present here.  Caillet filed a Statement of Claim with FINRA against Newman, Edward Jones, and Heather Rosenthal, which she agreed to arbitrate pursuant to FINRA's Rules and Code of Arbitration Procedure.  *See* July 20, 2018 Submission Agreement, attached as Exhibit A.  Pursuant to FINRA's rules governing simplified arbitrations, and because Caillet did not request a hearing, the merits of her claims were to be decided by a single arbitrator *without a hearing*, based on the filings and papers submitted by Caillet.  *See* FINRA Rule 12800, attached as Exhibit B

---

[1] Defendants Edward Jones and Heather Rosenthal have not been served.

1

for ease of reference.  The Arbitrator decided the matter, complying with all applicable rules and procedures, and denied Caillet's claims.  *See* July 8, 2019 Arbitration Award, attached as Exhibit C.  After the deadlines for parties to submit documents related to Caillet's underlying claims had passed, the Arbitrator and Mr. Newman agreed to accommodate Caillet's hearing difficulties by scheduling an in-person hearing on Newman's separate request for expungement, instead of holding the expungement hearing by telephone as permitted by the FINRA Rules.  *See* FINRA Rule 12805, attached as Exhibit D for ease of reference.  Caillet did not commit to attending the expungement hearing and informed FINRA and the Arbitrator the day before the scheduled hearing that she was having medical issues.  Caillet did not request a postponement or ask to participate by phone.  Caillet's decision not to attend the hearing, which was being held only to address Newman's expungement request, not on the merits of Caillet's underlying claims, does not provide a reason to vacate the award.  Caillet's motion should be denied and the July 8, 2019 Arbitration Award should be confirmed in its entirety.

## FACTUAL BACKGROUND

On or about April 24, 2018, Caillet filed a Statement of Claim with FINRA against Respondents, Edward Jones, Daniel Newman, and Heather Rosenthal.  *See* Exh. C, Award; *see also* April 24, 2018 Statement of Claim, attached as Exhibit E.  Caillet asserted claims for unauthorized trading and misrepresentation and sought $32,000 in compensatory damages and $18,000 in punitive damages based on those claims.  *See* Exh. C, Award, at p. 2.  Caillet agreed to "submit the present matter in controversy, as set forth in the attached statement of claim . . . to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure."  *See* Exh. A, Submission Agreement.  She attested to having read the procedures and rules of FINRA relating to arbitration and agreed to be bound by those procedures and rules.  *Id.*  Respondents responded by denying Claimant's

allegations and seeking expungement for Respondent Newman, to remove reference to the arbitration from Newman's registration records. *See* September 14, 2018 Answer to Statement of Claim, attached as Exhibit F.

Because the amount in dispute was $50,000, the matter was handled as a "simplified arbitration," which, according to FINRA Rules, is decided by a single public arbitrator on the pleadings, *without a hearing*, unless requested by the Claimant. *See* Exh. B, FINRA Rule 12800. Caillet did not request a hearing on her claims. A hearing on the expungement only was scheduled for May 15, 2019, to give the parties an opportunity to present evidence and argument on Newman's request for expungement. *See* April 8, 2018 Order on Expungement Hearing, attached as Exhibit G; *see also* Exh. D, FINRA Rule 12805 (requiring a recorded hearing session by telephone or in person before expungement may be granted). The expungement hearing was scheduled to take place in person, in Baton Rouge, specifically to accommodate Caillet, who had previously expressed difficulty hearing on the telephone. *See* (Rec. Doc. 1); *see also* Exh. C, Award. Caillet did not commit to attending and, the day before the scheduled hearing, indicated she was having medical issues. (Rec. Doc. 10 at 26, 37). Caillet acknowledges she failed to attend the hearing. She claims that her absence was due to a medical issue—that she had inflammation and arthritis in her leg, causing severe pain and requiring her to stay off of her feet. (Rec. Doc. 1). Despite first experiencing medical problems on May 8, 2019, Caillet did not inform anyone until the day before the scheduled hearing, a week later. *Id.* Caillet allegedly "E-MAILED FINRA THROUGH THE DRPORTAL AND INFORMED THEM THAT [SHE] WOULD NOT BE AT THE MEETING." *Id.* Caillet does not allege that she requested a postponement at that time. *Id.* Caillet's own unauthenticated documents, provided to this Court during the *Spears* hearing, confirm that Caillet did not contact anyone until the day before the scheduled hearing and did not request a postponement or any other accommodations to participate in

3

the hearing. *See* (Rec. Doc. 10 at 34-37). Caillet acknowledges in her Motion that the people attending the hearing tried to reach her. (Rec. Doc. 1). Shortly after the hearing concluded, Caillet called the hearing venue. *See* Exh. C, Award, at p. 3. Caillet was informed that the hearing was over. *Id.*

On July 8, 2019, the Arbitrator issued an Award denying Caillet's claims in their entirety. The Arbitrator based his award on the "pleadings and other materials filed by the parties," which he stated he reviewed before issuing the award. Exh. C, Award, at p. 3. The Arbitrator recommended expungement of this arbitration from the registration records maintained by the CRD for Newman, finding that "[t]he claim, allegation, or information is false." *Id.* at p. 4. Specifically, the Arbitrator emphasized that the "overwhelming" evidence established that Caillet was aware of all transactions in her account, including the ones she claimed to have been unauthorized. *Id.*

After the July 8, 2019 Arbitration Award was issued, Caillet sent a series of threatening e-mails and communications to Defendants, including one that was hand-delivered to Newman's home, which formed the basis of a Protective Order that was executed on August 27, 2020. *See* August 27, 2020 Protective Order, attached as Exhibit H; *see also, e.g.*, sample of e-mails from Caillet to Defendants and letter to Counsel for Defendants, attached as Exhibit I. Like the letters received by this Court, the letters received by Defendants and counsel for Defendants indicate confusion on the part of Caillet regarding the scope of the present proceeding, trying to relitigate the merits of her underlying claims, referencing lost tax reports, AT&T bills, and 2013 and 2014 investments, and accusing Defendants of trying to win money. *Id.*

None of Claimant's accusations or personal attacks are relevant to the present proceeding, which seeks to vacate the FINRA arbitration award because Caillet did not attend or participate in an in-person hearing held only on Newman's expungement request. Because Caillet has presented no

facts or law that would warrant vacatur of the July 8, 2019 Arbitration Award, Caillet's motion should be denied and the award should be confirmed.

## LAW AND ARGUMENT

### I. There is no basis for vacating the July 8, 2019 Arbitration Award.

Judicial review of an arbitration award is "exceedingly deferential," with vacatur of an award permitted only on "very narrow grounds." *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 380 (5th Cir. 2004). The applicable standard of review has been described as "among the narrowest known to the law." *See Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 726 (N.D. Tex. 1997) (quoting *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)). The party moving to vacate an arbitration award has the burden of proving grounds for vacatur. *See Yancey & Jamieson, Inc. v. Mapp Construction, LLC*, Civil Action No. 3:14-00413, 2016 WL 1030080, at *5 (M.D. La. March 10, 2016); *Lummus Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F. Supp. 2d 594, 604-05 (S.D. Tex. 2002).

Under the FAA, an arbitration award may only be vacated under certain limited circumstances. Arbitration awards should generally be upheld barring some sort of "procedural injustice." *Citigroup Global Market, Inc. v. Bacon*, 562 F.3d 349, 351-52 (5th Cir. 2009). The exclusive grounds for vacating an award are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights or any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 352 (5th Cir. 2009) (citing 9 U.S.C. § 10(a)). The Supreme Court has made clear that this list is exclusive, *see Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008), and any reason not listed by statute, even a "manifest disregard of the law," would not justify vacating an arbitration award. *See Citigroup*, 562 F.3d at 353. The very limited and exclusive list of reasons for vacating an arbitration award is consistent with what the Supreme Court has described as a "national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall Street*, 552 U.S. at 588.

Caillet has not come close to meeting her burden of proving the existence of one of these limited grounds for vacatur of the July 8, 2019 Arbitration Award. Caillet recites the third and fourth grounds provided by the FAA but fails to show that either has been met here. To succeed in vacating an arbitration award based on failure to postpone a hearing, a party must show that there was "no reasonable basis for the panels' refusal to postpone the hearing" and that the party "suffered prejudice because of that refusal." *See Sungard Energy Sys. Inc. v. Gas Transmission Northwest Corp.*, 551 F. Supp. 2d 608, 613 (S.D. Tex. 2008) (citing *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 400 (5th Cir. 2006)). The fourth justification, based on an arbitrator exceeding her powers, is "concerned only with whether an arbitrator acted 'contrary to express contractual provisions' or ignored plain limitations on her power in the arbitration agreement.'" *Bain v. Whitney Bank*, 919 F. Supp. 2d 735, 741 (E.D. La. 2013). Caillet has not established that either of these situations took place here.

Caillet bases her motion on the fact that she was unable to attend the in-person hearing held on Newman's expungement request. But Caillet fails to acknowledge that the hearing was only on Newman's expungement and that, per FINRA Rules, which she agreed to and acknowledged, she was entitled to no hearing on the merits of her underlying claims, having never requested one. Further,

6

she did not inform FINRA or the Arbitrator of her inability to attend the hearing and she did not ask that the hearing be postponed or that any other accommodations be made to allow her participation. Even according to Caillet's own version and unauthenticated documents, she did not alert anyone to her issues until the day before the hearing was scheduled.

The Arbitrator's decision not to postpone the expungement hearing the day before it was scheduled, having not even been asked to do so and having received no confirmation from Caillet that she even planned to attend in the first place or that she was not going to attend, certainly was not unreasonable. Caillet, who was not entitled to a hearing on her underlying claims, was not prejudiced. The Arbitrator adhered to all applicable FINRA Rules. This does not provide grounds for vacatur.

Because Caillet does not come close to meeting her high burden of proving the existence of one of the very limited grounds for vacating an arbitration award under the FAA, Caillet's motion should be denied.

## II.     The arbitration award should be confirmed.

Notably, "any party to an arbitration may seek to confirm the final arbitration award." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 840-41 (5th Cir. 2020).[2] And the FAA provides that a court "must grant" an order confirming an arbitration award, when petitioned to do so, "unless the award is vacated, modified, or corrected." *See* 9 U.S.C. § 9.[3]  "[A]bsent a

---

[2]     The Fifth Circuit has adopted the look-through approach for determining whether a federal court has jurisdiction to confirm an arbitration award, instructing courts to look through to the subject matter of the underlying complaint by the Claimant. *Quezada*, 946 F.3d at 843; *see also Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*, 852 F.3d 36, 47 (1st Cir. 2017) (using look-through approach to find federal jurisdiction over motion to vacate arbitration award where underlying claims involved federal securities laws).

[3]     FINRA Rule 2080 requires that FINRA be named as an additional party to a proceeding seeking expungement or the confirmation of an arbitration award containing expungement relief, unless FINRA waives this requirement in writing. A written request for waiver has been sent to FINRA, and Defendant is awaiting a response. Defendant will alert the Court once a response is received and will file the waiver into the record or move to add FINRA as a party to this proceeding at that time.

7

convincing showing that one of these narrow exceptions applied, the arbitral award will be confirmed." *See Soaring Wind Energy, LLC v. CATIC USA, Inc.*, 333 F. Supp. 3d 642, 655 (N.D. Tex. 2018). Again, the party moving for vacatur bears the burden, and all uncertainties or doubts are to be decided in favor of sustaining the arbitration award. *See id.* at 651; *see also Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (same).

Because there is no basis to vacate the July 8, 2019 Arbitration Award, it must be confirmed. Following all applicable FINRA Rules and after reviewing the pleadings and all submissions by the parties, the Arbitrator denied Caillet's claims in their entirety. Further, based on the pleadings, submissions, and exhibits, and after hearing testimony from Newman, the Arbitrator recommended expungement of this arbitration from Newman's record. The Arbitrator concluded that "the claim, allegation, or information is false," having found "overwhelming" evidence that Caillet was aware of all transactions in her account that she now alleges were unauthorized. Especially in light of the presumption in favor of upholding arbitration awards, and because Caillet has established no grounds for vacatur, the July 8, 2019 Arbitration Award should be confirmed and expungement should be ordered.

## CONCLUSION

For the foregoing reasons, this Court should deny Caillet's Motion to Vacate, grant Newman's Cross-Motion to Confirm, and order the expungement of the underlying arbitration from Newman's record on the CRD system.

Respectfully Submitted,

*/s/ Christine M. Calogero*
George C. Freeman, III, La. Bar #14272
Christine M. Calogero, La. Bar #36818
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Phone:  (504) 589-9700
Facsimile:  (504) 589-9701
gfreeman@barrassousdin.com
acavnar@barrassousdin.com

*Counsel for Daniel Newman*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

<em>/s/ Christine M. Calogero</em>