## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA V. CAILLET | CIVIL ACTION |
| VERSUS | |
| DANIEL NEWMAN, ET AL. | NO. 19-515-JWD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 5, 2021.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA V. CAILLET** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-515-JWD-RLB** |
| **DANIEL NEWMAN, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the "Motion to Vacate Arbitration Award from Expungment [sic] Meeting on May 15, 2019" filed by Plaintiff, Linda V. Caillet. (R. Doc. 1, the "Motion to Vacate"). Separate Oppositions were filed by Defendants Daniel Newman and Heather Rosenthal. (R. Docs 28, 33). Additionally, Newman filed an Opposition to Motion to Vacate and Cross-Motion to Confirm Arbitration Award. (R. Doc. 26). Defendants filed a Request for Oral Argument on December 30, 2020. (R. Doc. 41). Also relevant to the Court's considerations are various documents and communications provided by the parties. (R. Docs. 3, 5, 10, 11, 12, 22, 23, 32, 36, 37, 38, 39, 40, 42).

**I.      Factual Background**

Plaintiff initiated this action in federal court with the filing of her Motion to Vacate (R. Doc. 1) on August 8, 2019. A *Spears* hearing[1] was held on October 8, 2019. Based on her Complaint and the information and testimony received pursuant to the *Spears* hearing, Plaintiff seeks vacatur of an arbitration award rendered July 8, 2019 through the Financial Industry Regulatory Authority ("FINRA"). She alleges that a FINRA hearing was held on May 15, 2019, and that she had informed the arbitrator through an electronic portal that she would be unable to

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

attend due to unforeseen medical issues. (R. Doc. 1). Plaintiff requests that the arbitration award be vacated and the issues resubmitted for arbitration.[2]

Plaintiff initiated the arbitration proceeding with her Statement of Claim dated July 20, 2018 submitted to FINRA. (R. Doc. 10 at 7-22). An arbitration award (the "Award") was rendered on July 8, 2019. (R. Doc. 10 at 23-29). Therein, the arbitrator made several findings and conclusions. More specifically, the Award denied Plaintiff's claims in their entirety and granted Defendant's request for expungement. (R. Doc. 10 at 26). In conjunction with its expungement ruling, and as required by the FINRA rules, the Award noted a finding that "claim, allegation or information is false," as well as findings that Plaintiff was aware of the transactions she contested and Newman's testimony was credible. (R. Doc. 10 at 26-27).

## II.   Law and Analysis

### A.   Legal Standard

"A district court's review of an arbitration award is 'extraordinarily narrow' and 'exceedingly deferential.'" *Warren v. Geller*, 386 F.Supp.3d 744, 755 (E.D. La. May 3, 2019). 9 U.S.C. § 10(a) sets forth the statutory bases for vacatur of an arbitration award, as follows: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers. "A party

---

[2] Plaintiff also seems to suggest at various points that the Court should resolve the merits of her claims, or sets forth certain arguments in support of her position on the merits. *See, e.g.,* R. Doc. 12 at 1 ("I would like to know whether you are going to make the decision on this case or will it go back to Finra. I am pretty sure if it goes back to Finra, there will be no changes in what Daniel Newman and his lawyer have been saying."); R. Doc. 36; R. Doc. 38. However, the Court's review of an arbitration decision is limited to the propriety of the award itself, not of the underlying merits of the claims, which the parties have agreed to submit to arbitration. *See Vantage Deepwater Company v. Petrobras America, Incorporated*, 966 F.3d 361 (5th Cir. 2020) ("A court may not review the merits of an [arbitration] award – it must accept the facts found by the arbitrator and the arbitrator's interpretation of the contract and applicable law.") (Internal citations omitted); *Reznick, et al. v. Citigroup Global Markets Inc. (Smith Barney)*, 2007 WL 9702381 at *4 (W.D. Tex. July 5, 2007) ("In this review, the sole inquiry is 'whether the arbitration proceedings were fundamentally unfair,' and the Court may 'only disturb an arbitration award on the grounds set out in [the Federal Arbitration] Act.'") (Internal citations omitted).

2

moving to vacate an arbitration award has the burden of proof." *Matter of Arbitration Between Trans Chemical Ltd. And China National Machinery Import & Export Corp.*, 978 F. Supp. 266, 303 (S.D. Tex. 1997), *aff'd ad adopted in principal part*, 161 F.3d 314 (5th Cir. 1998).

### B.  Arguments of the Parties

Plaintiff's primary argument is that the Award should be rendered invalid because she was not provided the opportunity to present her case at the May 15, 2019 hearing. While the parties do not dispute that a hearing took place on May 15, 2019, at which Plaintiff was not present, Defendant Newman suggests that Plaintiff's presence was not required because it was limited to a hearing on his request for expungement. (R. Doc. 26 at 5-7). Newman suggests that an arbitration claimant's presence is not required at an expungement hearing, and additionally that Plaintiff did not inform the arbitrator of her inability to attend nor her request that the hearing be postponed to accommodate her medical emergency. (R. Doc. 26). Defendant goes on to argue that, where an arbitration award is not vacated, it should be confirmed. (R. Doc. 26 at 7-8). Defendant Rosenthal notes that she was "not personally involved in the underlying FINRA dispute and was not present at the May 15, 2019 meeting," and suggests that Plaintiff has not met her burden. (R. Doc. 33 at 1). Defendant Rosenthal also argues that the Motion to Vacate was not served within the time required by 9 U.S.C. § 12. (R. Doc. 33 at 1). Defendant Edward Jones has not made an appearance before the Court.

### C.  Analysis

Based on the law, the arguments presented, and the information provided, the Court will recommend that (1) Plaintiff's Motion to Vacate be denied and (2) Defendant Daniel Newman's Motion to Confirm be denied. Because the Court finds it appropriate to recommend denial of Plaintiff's Motion to Vacate, it need not address the question of timeliness of service.

### 1.     Plaintiff's Request to Vacate the Award

Plaintiff's primary argument is that the Award should be vacated because she was not in attendance at the May 15, 2019 hearing. Defendants explain that the May 15, 2019 hearing was limited to the issue of Defendant Newman's expungement request and her attendance was not required or necessary. The arbitrator was within his authority to proceed without her.

To begin, the Court notes that Plaintiff did not request a hearing on the merits of her claims, either in her initial Statement of Claim or by way of communication at any time thereafter. In a simplified arbitration, such as here, FINRA Rule 12800 notes that "[n]o hearing will be held in arbitrations administered under this rule unless the customer requests a hearing." Plaintiff did not indicate on her Statement of Claim that she requested a hearing. (R. Doc. 10 at 22).

Defendant Newman requested an expungement. A pre-hearing and scheduling conference was held regarding that request on April 8, 2019. (R. Doc. 28-8 at 1). The expungement hearing was set for May 15, 2019. The scheduling order following the conference provided that Plaintiff was "invited to attend the in-person hearing and may participate, question witnesses, present testimony and exhibits, or simply observe the proceedings at her option," and that she "may be accompanied with counsel or an aide to assist with her hearing and participation in the hearing." (R. Doc. 28-8 at 2). This language is notably permissive, insofar as it permits participation but does not require it.

In addition to the fact that her appearance was not necessary, the Court notes that Plaintiff was able to provide written opposition, objections and briefs to the expungement requests in advance of the hearing and any decision. The FINRA award specifically noted consideration of

Plaintiff's opposition to expungement as well as Plaintiff's Statement of Claim. (R. Doc. 28-4 at 2-3). Plaintiff has shown no prejudice from her failure to attend the expungement hearing.

Defendants suggest that Plaintiff had not committed to attending the May 15, 2019 hearing. The Court agrees. Plaintiff includes in her materials a letter to the FINRA Arbitrator dated May 14, 2019. (R. Doc. 10 at 34-35). Therein, Plaintiff notes that <u>she does not know</u> if she will be able to make it to the meeting, and that it will depend on how she feels <u>when she wakes up that morning</u>. (R. Doc. 10 at 34) (emphasis added).

Additional correspondence dated May 14, 2019 notes that Plaintiff was advised to stay off of her leg such that she would not be able to come to the hearing. (R. Doc. 10 at 35, 37). In that correspondence, Plaintiff inquires, "How is this going to affect me because I will not be there?" (R. Doc. 10 at 37). Notably, Plaintiff did not request the hearing be postponed in order to accommodate her attendance.

Also in the record is a May 15, 2019 correspondence from Plaintiff to the FINRA Arbitrator, which appears to have been written after the hearing concluded, wherein Plaintiff notes that she attempted to contact the FINRA Arbitrator at the hotel where the hearing took place, but was unable to do so, and offers to answer any follow up questions. (R. Doc. 10 at 38).

Section 10(a)(3) of the FAA provides that a district court may vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing... or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "To establish misconduct, the party moving for vacatur must show that there was no reasonable basis for the arbitrator's refusal to postpone the hearing." *SM South East Texas Houston, LLC v. CareMinders Home Care, Inc.*, 662 F. App'x 701, 704 (11th Cir. 2016). Defendants points to their contention that the nature of the May 15, 2019 was limited to expungement, and the Court

5

finds this fact compelling. The Court likewise finds that there was no "refusal" by the arbitrator to do anything in particular. The information before the arbitrator indicated that (1) Plaintiff never requested a hearing on the Award, (2) Plaintiff was advised that she could attend the hearing on expungement but that it was not necessary, (3) the day prior to the expungement hearing Plaintiff was not sure whether she would attend or not but that it depended on how she feels, and finally (4) Plaintiff was not going to attend the hearing. The arbitrator's decision to hold the hearing as scheduled was not misconduct. In addition, even if it were, there was no prejudice to the Plaintiff.

The grounds on which a court may vacate an arbitration award are extraordinarily narrow, and pertinent to Plaintiff's Motion herein, would require the Court to find that the arbitrator was guilty of misconduct which prejudiced Plaintiff's rights. While perhaps the arbitrator could have conducted his communications more clearly particularly in light of Plaintiff's *pro se* status, the Court cannot conclude that Plaintiff's rights were prejudiced as a result of her lack of appearance at a hearing at which her appearance was not required.

"Procedural aberrations are not sufficient to warrant vacatur under this prong of the FAA unless a party was deprived of a fundamentally fair hearing." *Halliburton Energy Servs. Inc. v. NL Indus.*, 553 F. Supp. 2d 733, 783-84 (S.D. Tex. 2008). No such deprivation occurred here. The May 15, 2019 hearing was at all times represented to be an expungement hearing, of which Plaintiff was notified. At no point until the actual day of the May 15, 2019 hearing did Plaintiff confirm she would not be in attendance, nor is a claimant's appearance necessary or required at an expungement hearing under the FAA. Given those facts, Plaintiff has failed to meet her burden of establishing any prejudice of her rights.

### 2. Defendant Newman's Motion to Confirm

The Court then turns to Defendant Newman's Motion to Confirm. FINRA Rule 2080(b) requires that "[m]embers or associated persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents [subject to waiver based on certain circumstances which Defendant Newman has not alleged herein]."[3]

As explicitly noted in the Award, "[u]nless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents." (R. Doc. 10 at 26). FINRA has not been named as an additional party, and Defendants provide no evidence that FINRA waived this requirement. Defendants informed the Court that "[a] written request for waiver has been sent to FINRA, and Defendant is awaiting a response. Defendant will alert the Court once a response is received and will file the waiver into the record or move to add FINRA as a party to this proceeding at that time. (R. Doc. 26 at 7). It has now been almost seven months and the Court finds no such waiver filed in the record nor has Defendant moved to add FINRA as a party. Accordingly, it is recommended that the Cross Motion to Confirm (R. Doc. 26) be denied.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Request for Oral Argument (R. Doc. 41) filed by Defendants is **DENIED**.

---

[3] *See* FINRA Rule 2080(b), Obtaining an order of Expungement of Customer Dispute information from the Central Registration Depository (CRD) System, https://www.finra.org/rules-guidance/rulebooks/finra-rules/2080 (last visited February 5, 2021).

**IT IS RECOMMENDED** that the Motion to Vacate Arbitration Award (R. Doc. 1) filed by Plaintiff, Linda Caillet, be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the Motion to Confirm Arbitration Award (R. Doc. 26) filed by Defendant, Daniel Newman, be **DENIED** and this matter be closed.

Signed in Baton Rouge, Louisiana, on February 5, 2021.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**